**Miguel Eduardo Garibay RAYON;
et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 05–76483.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Oct. 8, 2008.

F. Woodside Wright, C/O Nevada Hispanic Services, Inc., Reno, NV, for Petitioners.

Ari Nazarov, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

## MEMORANDUM **

Lead Petitioner Miguel Eduardo Garibay Rayon and his spouse Consolacian Guisela Adame Dena petition for review of the BIA's final removal order which denied Petitioners' applications for cancellation of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review questions of law and constitutional questions de novo. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review. The facts of the case are known to the parties and we do not repeat them here.

### I

Petitioners argue that withdrawal of their applications for admission to the United States is similar to the turn-around at the border experienced by the alien in *Tapia v. Gonzales,* 430 F.3d 997 (9th Cir. 2005). We disagree. Their decisions to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Petitioners are joined on their petition for review by two of their daughters whose ability to stay in the United States depends wholly on relief being granted to Petitioners. *See* 8 U.S.C. § 1229b(b)(1)(D).

withdraw their applications for admission is more akin to the voluntary departure granted to the alien in *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961 (9th Cir.2003). Moreover, we accord *Chevron* deference to the BIA's interpretation of 8 U.S.C. § 1229b(d)(1)(A) in *In re Avilez–Nava,* 23 I. & N. Dec. 799, 800–01 (BIA 2005) (holding that an alien's continuous physical presence is broken if the alien "was offered and accepted the opportunity to withdraw an application for admission"). The BIA's "stop-time" rule is a permissible construction of § 1229b.

## II

Petitioners also argue that (1) they were denied due process by the IJ's pretermission of their applications and (2) the application of 8 U.S.C. § 1229b(d)(2) is impermissibly retroactive. Petitioners did not raise these issues to the BIA. Failure to exhaust an available administrative remedy deprives us of jurisdiction to hear the matter. *See* 8 U.S.C. § 1252(d)(1); *Cordon–Garcia v. INS,* 204 F.3d 985, 988 (9th Cir.2000).

**Petition for review DENIED.**